# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Fred Davenport, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Commissioner of Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 4:17-cv-00441-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court for review of Magistrate Judge Thomas E. Rogers' ("Magistrate Judge") Report and Recommendation ("Report") filed on May 25, 2018 (ECF No. 23). The Report addresses Plaintiff Fred Davenport, Jr.'s ("Plaintiff") claim for disability benefits and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 23 at 22.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 23.) As brief background, Plaintiff filed an application for disability benefits on June 20, 2012, and his application was initially denied. (*Id.* at 1.) After a hearing was held on June 2, 2015, an administrative law judge ("ALJ") determined, on September 2, 2015, that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). (*Id.* at 1, 12.) More specifically, the ALJ found that Plaintiff could "lift and carry up to [twenty] pounds occasionally and [ten] pounds frequently, sit for [six] hours in an [eight]-hour workday, and stand or walk about [six] hours in an [eight]-hour

1

workday, with normal breaks." (*Id.*) The ALJ denied Plaintiff's disability benefits on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 11-13.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on December 16, 2016. (*Id.* at 1.) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on February 13, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ complied with the Commissioner's guidelines, regulations, and policies. (ECF No. 23 at 19.) Specifically, the Report noted that there is substantial evidence that Plaintiff can perform other work in the national economy and is not disabled for purposes of the Act. (*Id.* at 19, 22.) On this basis, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 22.)

The parties were apprised of their opportunity to file specific objections to the Report on May 25, 2018. (ECF No. 23-1.) On June 8, 2018, Plaintiff filed an Objection to the Report and argued that the ALJ failed to comply with SSR 00-4p and consider Plaintiff's degenerative disc disease. (ECF No. 26 at 1-2.) Plaintiff urges the court to remand the action for further administrative proceedings. (*Id.* at 3.) On June 18, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 28.) The Commissioner requests the court to adopt the Magistrate Judge's Report and reject Plaintiff's Objection. (*Id.* at 1.) Moreover, in lieu of substantively responding to Plaintiff's Objection, the Commissioner asks the court to reexamine her Memorandum in Support of the Commissioner's Decision (ECF No. 19). (ECF No. 28.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. DISCUSSION

Plaintiff makes two objections to the Magistrate Judge's Report. (ECF No. 26 at 1-2.) First, Plaintiff argues that the ALJ failed to comply with SSR 00-4p by not following the Dictionary of Occupational Titles ("DOT") and that his RFC is contradicted by 20 C.F.R. §§ 404.1567(b), 416.967(b). (*Id.*) Second, Plaintiff submits that the ALJ erred by not considering "all of the relevant evidence regarding [Plaintiff's] degenerative disc disease." (ECF No. 26 at 2-3.) The court will consider each objection in turn.

First, the court considers Plaintiff's argument that the ALJ failed to comply with SSR 00-4p and that his RFC is contradicted by federal regulations. (*Id.* at 1-3.) Pursuant to SSR 00-4p, evidence provided by a vocational expert "should be consistent with the occupational information supplied by the DOT." 2000 WL 1898704, at *2 (Dec. 4, 2000). Here, as noted in the Report, the vocational expert testified that the DOT fails to address a sitting and standing option. (ECF No. 23 at 18.) Thus, the expert's opinion could not be inconsistent with the DOT, and therefore conflict with SSR 00-4p, if the DOT does not even address this aspect of sedentary work. Additionally, the ALJ independently confirmed that the expert's testimony was consistent with the DOT after asking about any conflicts.[1] (ECF No. 9-2 at 23, 77.) Plaintiff further argues that there is "an unrecognized conflict" between his RFC and the requirements of light work. (ECF No. 26 at 2-3.) A RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the "most [an individual] can still do despite [their limitations]." 20 C.F.R. § 416.945. Under federal regulations, light work is defined as follows:

---

[1] The ALJ adhered to Fourth Circuit precedent with these actions. *Rholetter v. Colvin*, 639 F. App'x 935, 938 (4th Cir. 2016); *Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015).

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing*, or when it involves sitting *most of the time* with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. *If someone can do light work, we determine that he or she can also do sedentary work*, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 416.967(b), 404.7567(b) (emphasis added). Based upon a plain reading of the regulation, there is no time requirement for light work, and the Magistrate Judge is correct in this respect (ECF No. 23 at 17-18). *See* 20 C.F.R. §§ 416.967(b), 404.7567(b). The regulation only states that standing must be "most of the time." 20 C.F.R. §§ 416.967(b), 404.7567(b). In the instant case, the ALJ determined that Plaintiff's RFC, which includes sitting for about six hours in an eight-hour day and standing or walking for six hours in an eight-hour workday, with normal breaks, was sufficient to meet the requirements of light work. (ECF No. 9-2 at 17.) This court has previously rejected an argument that suggested the existence of a tension between Plaintiff's RFC and federal regulations. *See Davies v. Astrue*, No 8:11–cv–03091–DCN–JDA, 2013 WL 709040, at *13-*14 (D.S.C. Jan. 24, 2013), *report and recommendation adopted by Davies v. Colvin*, No. 8:11–cv–03091–DCN–JDA, 2013 WL 709022, at *1 (D.S.C. Feb. 26, 2013). Moreover, the ALJ properly relied upon a vocational expert. (ECF No. 23 at 18.) Thus, the court finds no basis for remand on this issue.

Second, Plaintiff maintains that the ALJ did not properly consider all of the facts, specifically his degenerative disc disease and limited range of motion. (ECF No. 26 at 2-3.) This argument is without merit. "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record

5

evidence." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). Therefore, the ALJ is required to "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 826 F.3d 863, 872 (7th Cir. 2000). As evidenced by the record, the ALJ considered Plaintiff's limited range of motion and his degenerative disc disease. (ECF No. 9-2 at 17-18.) The ALJ also made sufficient credibility determinations, which this court is precluded from doing, by recounting these aspects of Plaintiff's testimony.[2] (*Id.* at 19-20.) Upon review of the ALJ's decision, there is substantial evidence for the disability determination, and the court is not left wondering about the basis for the decision. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1987) (holding that the Commissioner, through the ALJ, is required to explicitly indicate the weight given to all of the relevant evidence). As such, the court finds no basis for remand on this issue.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 36) and the Magistrate Judge's Report (ECF No. 23), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

United States District Judge

August 31, 2018
Columbia, South Carolina

---

[2] Plaintiff argues that the ALJ did not adequately consider Plaintiff's "inability to move his head without moving his whole body." (ECF No. 26 at 2.) Plaintiff further submits that the "record shows that he walked with a limp and suffered from numbness, tingling, and radiating pain in his right leg." (*Id.*) The ALJ specifically addressed the former and the latter when making credibility determinations. (ECF No. 9-2 at 19-20.) Plaintiff forgets that "[t]he ALJ [is] entitled to disagree with [Plaintiff's] subjective view . . . ." *Bostic v. Astrue*, 474 F. App'x 952, 954 (4th Cir. 2012).

6